IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| BMW Manufacturing Co., LLC, | ) | C/A No. 7:21-cv-01346-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Magnesium Products of America, Inc., | ) | |
| a/k/a Meridian Magnesium, and John | ) | |
| Does 1–5, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff's Motion to Compel Depositions pursuant to Federal Rule of Civil Procedure 37. ECF No. 77. Defendant Magnesium Products of America Inc. filed a Response in Opposition. ECF No. 79. For the reasons set forth below, the Motion is granted in part and denied in part.

## **BACKGROUND**

This action arises out of a fire and explosions that occurred on or about May 2, 2018, at Defendant's manufacturing facility in Eaton Rapids, Michigan. ECF No. 47 at 7. Defendant was Plaintiff's supplier of high pressure die casted magnesium Instrument Panel Carriers ("IP Carriers"), which were essential components used for manufacture of Plaintiff's X5 and X6 model vehicles. *Id.* at 5. Plaintiff alleges that the incident damaged certain of its personal property, which led to repair costs, extra expenses, and loss mitigation damages, and prevented Defendant from being able to manufacture and deliver IP Carriers to Plaintiff, causing a loss in vehicle production and sales. *Id.* at 11.

Plaintiff also claims the incident forced a temporary shut down in production of its X5 and X6 model vehicles. *Id.*

On March 22, 2021, Plaintiff brought suit against Defendant in the Spartanburg County Court of Common Pleas. ECF No. 1-1. Defendant removed the case to this Court on May 5, 2021. ECF No. 1. On March 16, 2022, Plaintiff filed an Amended Complaint, alleging claims for negligence, negligence per se, gross negligence, breach of contract, and bailment against Defendant.[1] ECF No. 47 at 11–23. On May 11, 2022, Plaintiff filed a Motion for Leave to Exceed the Deposition Limit. ECF No. 55. This Court held a video hearing on June 30, 2022, and granted in part and denied in part Plaintiff's Motion. ECF No. 63. The Court expanded the total number of depositions for each party to 25, which included depositions for any related case that the parties were actively involved in. *Id.* The Court further noted that all witnesses, aside from expert witness depositions, were included in the total number of 25 depositions per party. *Id.* The Court denied the remainder of Plaintiff's Motion. *Id.*

Specifically, at the June 30, 2022, hearing, the Court indicated that if the attorneys in this case appear at a deposition and they do not ask questions, the deposition does not count against the limit. ECF No. 77-1 at 19. Defense counsel noted that Plaintiff's counsel's law firm represents the plaintiffs in all of the related litigation. *Id.* The Court responded that, if it is an attorney of record in this case, it counts, and if it is not an attorney of record in this case, it does not count. *Id.*

---

[1] Plaintiff has also named John Does 1–5 as defendants in this case and alleged negligence claims against them in the Amended Complaint. These defendants are not involved in the instant discovery dispute.

2

On February 16, 2023, the Court held a telephone discovery conference with the parties in an effort to resolve their disputes regarding Plaintiff's requested depositions of Tim LaPorte, Terry Luo, George Asher, and Anna Ramey at issue here.  ECF No. 74.  The Court encouraged the parties to continue working to resolve the discovery disputes, but if they were unable to do so, then Plaintiff was directed to file a motion to compel within 10 days.  *Id.*  On February 24, 2023, Plaintiff filed a Motion to Compel Depositions pursuant to Federal Rule of Civil Procedure 37.  ECF No. 77.  On March 10, 2023, Defendant filed a Response in Opposition.  ECF No. 79.  The Motion is now before the Court.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  A matter is relevant if it has any tendency to make a fact of consequence to the action more or less probable than it would be otherwise.  Fed. R. Evid. 401.  The district court may broadly construe this and the other rules enabling discovery, but it "must limit the frequency or extent of discovery otherwise allowed" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the requesting party "has had ample opportunity to obtain the information by discovery in the action"; or if it is otherwise "outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2).  "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993).

Based on the foregoing considerations, the Court finds it is proper to grant in part and deny in part Plaintiff's Motion to Compel. While the undersigned believes that the intent of the Court's June 30, 2022, ruling was clear, the actual verbiage, as reflected in the hearing transcript, could be construed as creating an ambiguity, particularly in light of defense counsel's belief that Plaintiff's counsel was feeding questions to their law partners in depositions where they appeared but did not question the witness. Whether that is the case or not, and it would certainly not be surprising where members of the same firm are representing different plaintiffs in related cases against the same defendant, that is of no moment here. Indeed, in reaching its decision on the limit of 25 depositions per party, the Court understood that the parties had agreed that depositions taken in the related cases could be used in this case. ECF No. 77-1 at 14. Accordingly, whether counsel are members of the same firm or not, it is anticipated that there would be a certain amount of coordination between counsel representing the same or related parties. In any event, the Court finds that counsel for both Plaintiff and Defendant have taken their positions here based on a good faith—even if hypertechnical—reading of the Court's prior order in this regard. In light of that finding, the Court grants in part and denies in part Plaintiff's Motion to Compel.

Plaintiff shall be allowed to take the depositions of Tim LaPorte, George Asher, and Anna Ramey for the reasons set forth in Plaintiff's Motion. Plaintiff's showing as to the necessity of Terry Luo's deposition, in light of having had the opportunity to ask about the very same topics of which Luo may have some knowledge as shown in the prior Federal Rule of Civil Procedure 30(b)(6) notice, is wholly inadequate to demonstrate that he has unique knowledge beyond information already produced from other sources. *See,*

*e.g.*, *Estate of Valentine v. State of South Carolina*, C.A. No. 3:18-cv-00895-JFA, 2020 WL 12783945, at *3 (D.S.C. July 9, 2020) (applying the apex doctrine, which requires the plaintiff to show "(1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted," and finding the plaintiffs had not made the requisite showing). Moreover, Plaintiff will not be allowed to take any further depositions of non-expert witnesses, absent an application to the Court setting forth a detailed showing of the necessity for the deposition in light of the unique knowledge and information possessed by that witness.

Further, discovery is a two-way street. The Court is gravely concerned about Defendant's continuing complaints that Plaintiff is failing to make its witnesses available for deposition. It is expected that Plaintiff will promptly make its employees and other witnesses under its control available for deposition at a time and place convenient to counsel and the subject witness. Continued delays for witnesses whose depositions have been previously requested or noticed will not be tolerated.

Finally, the Court is cognizant that the current discovery deadline is rapidly approaching. Accordingly, the parties are directed to file a motion to extend the discovery deadline only or to file a joint proposed amended scheduling order by March 31, 2023, to allow for these remaining depositions. The parties are reminded that they may continue discovery by agreement up to the time of trial. Based on the parties' good faith disagreement in this case, no fees or costs will be awarded.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Compel [77] is **GRANTED IN PART AND DENIED IN PART**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 23, 2023
Spartanburg, South Carolina